Michael Reese, WY Bar #5-1390
Michael Reese, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001-4433
Office: (307) 634-7648
FAX:  (307) 634-5664
Email: mike@mhrwylaw.com
*Attorney for Defendant Joseph Hill*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No.14-CR-00027-NDF-1 |
| ) | |
| JOSEPH RUBEN HILL  ) | |
| ) | |
| Defendant.  ) | |

**DEFENDANT'S OBJECTION TO "ORDER TO SHOW CAUSE WHY MITCHELL PAUL MODELESKI A/K/A PAUL MITHCELL SHOULD NOT BE SEVERED FROM CASE"**

**COMES NOW**, Joseph Ruben Hill, by and through undersigned counsel, respectfully objects to this Court's intention to "sever Mr. Mitchell from this case, allowing this matter to proceed on a normal trial schedule," and states and alleges as follows:

**Summary**

If Mr. Mitchell is severed from this case, Mr. Hill will be compelled to call Mr. Mitchell as a witness and he is entitled to do that.  Mr. Hill, therefore, will object to the severance since Mr. Mitchell will be "unavailable" as a witness pursuant to 18 U.S.C. §§ 3161 (h)(1)(A)

and (3)(A).

If the Court severs Mr. Mitchell, and the trial date stays as currently scheduled for October 14, 2014, Mr. Hill will be compelled to move to dismiss, continue or to sever which all conflict with the rationale "not to hold up the resolution of this case."

**Discussion**

According to the Supreme Court, "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Taylor v. Illinois*, 484 U.S. 400, 408 (1988). This Sixth Amendment right "is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967). If Mr. Mitchell is severed from this case, Mr. Mitchell becomes available as a witness. The settled law of the Tenth Circuit is that in a joint trial a defendant may not call a co-defendant to the witness stand, and therefore Mr. Hill is unable to call Mitchell as an exculpatory witness at a joint trial. Mr. Mitchell may well want to testify at his trial, and given his various court appearances to date this is a real possibility. Indeed, "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Based on information and belief Mr. Hill believes Mr. Mitchell will testify in Hill's defense, and that his testimony will be "substantially exculpatory." Mr. Mitchell has unique and direct knowledge of several of the issues and many documents in this case.

The benefit of a joint trial is that the government has charged in essence a common scheme or plan, and, as far as is known now, Mr. Hill and Mr. Mitchell do not have mutually antagonistic defenses. Mr. Hill is also strongly concerned that proof at trial will differ from the facts of the Indictment creating a prejudicial variance, creating in the end jury confusion

about the facts and confusion about the inevitable jury instructions. A variance will compromise Mr. Hill's trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence.

Mr. Mitchell is an "essential witness" to Mr. Hill's defense, and due to Mr. Mitchell's situation he is not available for trial in October 2014, and continuance, dismissal, or severance may be appropriate. *United States v. West*, 828 F.2d 1468 (10th Cir. 1987) (this case was reversed because the denial of a continuance deprived the opportunity to obtain the testimony of a key defense witness).

The Speedy Trial Act specifies periods of exclusion that *shall* extend the specified periods including, delay resulting from any proceeding to determine the mental competency of any defendant or "any period of delay resulting from the absence or unavailability of the defendant or an 'essential witness.'" 18 U.S.C. §§ 3161 (h) (1) (A) and (3)(A).

With respect to Mr. Mitchell's competency, the understanding that there is a substantial probability that "he will attain the capacity to permit the proceedings to forward" suggests the chances are decent that he will be competent. Even if he is deemed not competent by this Court, that does not prevent Mr. Hill from compelling Mr. Mitchell to testify.

The competency of a witness is not the same as competency of a defendant. Even if he is deemed delusional that does not take away from any defendant's right to have Mitchell testify. Rule 601 of the Federal Rules of Evidence presumes all witnesses are competent to testify. Rules 602 and 603 require testifying fact witnesses to have personal knowledge of facts, and be willing to take an oath or affirmation to tell the truth. The

Advisory Committee Note to Rule 601 states that "A witness wholly without capacity is difficult to imagine." See *United States v. Lightly*, 677 F.2d 1027 (4th Cir. 1982) (reversing a trial court's determination that a witness, who had been adjudicated insane and incompetent to stand trial in a previous criminal case, was not competent to testify. There was evidence in the record that she could remember events, understand telling the truth and communicate what she observed.) Mr. Mitchell is certainly capable of remembering events and communicating what he observed or performed. He is certainly capable of telling the truth.

In modern practice, as opposed to common law, virtually all witnesses are permitted to testify regardless of their mental impairments. The extent of a witness's capacity to observe, remember and relate goes to that witness's credibility. See *Andrews v. Neer*, 253 F.3d 1052, 1062-1063 (8th Cir. 2001) (witness's status as involuntarily committed schizophrenic at a time of testimony did not disqualify him from testifying, so long as trial court is satisfied that the witness has the *ability* to testify truthfully.) Any mental impairment goes to credibility, not competency.

**Conclusion**

Mr. Hill will object to the severance since the stated reason is to not "hold up" the "resolution of this case" which cannot be achieved by merely severing defendant Mitchell.

From Mr. Hill's point of view, Mr. Mitchell is critical to his defense one way or the other. Resolution of this case "for all Defendants" does not include resolution for Mr. Hill if it means Mr. Mitchell is not able to testify on his behalf or appear as a joined defendant.

WHEREFORE, for the foregoing reasons and other reasons the Court may deem just and proper, it is respectfully requested that this Court not sever Mr. Mitchell from this case.

        Respectfully submitted,
        ELECTRONICALLY FILED
        29 August 2014
        MICHAEL REESE
        Attorney for Joseph Hill

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August 2014 I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause a true and correct digital copy of the foregoing document to be served upon the United States Attorney and all co-defendants by electronic means.

        ELECTRONICALLY FILED
        29 August 2014
        MICHAEL REESE
        Attorney for Joseph Hill