Mr. Thomas B. Jubin
JUBIN & ZERGA LLC
P.O. Box 943
Cheyenne, WY 82003
Tel: (307) 637-4965
Fax: (307) 637-4788
tom@jubinzerga.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 14-CR-027 |
| ) | |
| LUCILLE KATHLEEN HILL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LUCILLE KATHLEEN HILL'S RESPONSE TO ORDER TO SHOW CAUSE, OPPOSITION TO SEVERANCE OF PAUL MITCHELL MODELSKI AND REQUEST FOR STATUS CONFERENCE**

The Defendant, Lucille Kathleen Hill, by her appointed attorney, Thomas B. Jubin of JUBIN & ZERGA LLC, hereby opposes the Court's suggestion that the trial of Defendant Mitchell Paul Modeleski (hereafter Mr. Mitchell) be severed from the trial of the rest of the co-defendants in this case, and further requests the Court to set a hearing in the matter together with a status conference in this case to consider the issues of complexity and scheduling. The basis for the opposition to severance and request is outlined as follows:

1. This matter is currently set for a four to six week trial to commence October 14, 2014.

2. Counsel is informed that one co-defendant has not yet been arraigned in the case, and that s/he is scheduled for an initial appearance the third week of September, 2014.

3. The Defense has been informed that the agent's report with attachments, by itself, is over 20,000 pages. Further, in addition thereto, the government has requested a 3 terabyte hard drive on which to download additional discovery in the case. Three terabytes is the equivalent of a room full of boxes of documents. Counsel understands that this represents, in part, hard drives from multiple computers seized from the Defendant's residence. Counsel purchased two 2-terabyte external hard drives and is today mailing them to the identified government location in Denver for the information to be downloaded and provided to the defense. It is unknown how long that process will require and when the materials will be ready for counsel to begin reviewing them.

4. There is simply no way that counsel could be ready to try this case when it is scheduled for trial in October of 2014. Defendant Lucille "Kathy" Hill will sign and submit a waiver of speedy trial, to the extent the Court believes it may be necessary, but there is certainly every indication that this matter is a complex case which will require an atypical schedule. Due process and effective assistance of counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution require sufficient time for counsel to prepare for trial. It currently appears that the earliest counsel would be prepared to proceed with the trial would by during the month of March of 2015. The information simply cannot be consumed, analyzed and organized any sooner than that, even assuming that counsel diligently devotes the bulk of his time solely to the requirements of this case. Further, it may be that the voluminous information leads to the need to consult and perhaps call expert witnesses –all of which will require preparation time.

5. This brings us to the notion of severance. Given that counsel expects a need to reset this case for March or later in 2015, it seems that the outstanding issues pertaining to the competency of Mr. Mitchell are likely to be resolved by that time, one way or another. The

Court's Order to Show Cause indicated that a report as to Mr. Mitchell ought to issue in early January of 2015. The Defendant appreciates the Court's desire to not hold up the resolution for the other defendants while waiting for a determination on Mr. Mitchell's competency. Unfortunately, that is unworkable in any event. It seems to the undersigned, that the Court would want to avoid having more than one jury trial lasting a month or longer, and there are certainly reasons of judicial economy that would counsel against severance. The interests of docket management would not appear to be served by severance.

6. If the Court's motivation for the suggestion of severance is at all related to Mr. Mitchell's "belief system," or adherence to unusual legal notions (the undersigned has read a transcript of an appearance by Mr. Mitchell), it is counsel's preliminary view that the Court will likely find that other co-defendants share a similar belief system, making the trial with Mr. Mitchell not really very different from a trial without him. The trial(s) promise to be unusual regardless, and one long and unusual trial may be a better use of the Court's time than two such long and unusual trials.

7. Rule 8(b) of the Federal Rules of Criminal Procedure permits an indictment to charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "The defendants may be charged in one or more counts together or separately." "This rule expresses the 'preference in the federal system for joint trials of defendants who are indicted together.'" *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). "Joint trials of defendants who are charged together are preferred because they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Zapata*, 546 F.3d 1179, 1191

(10th Cir. 2008) (internal quotations and citation omitted). Pursuant to Rule 14(a), however, a court "*may*" sever the trials of the defendants if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). See also *Pursley*, 577 F.3d at 1215.  This Defendant does not currently allege that a joint trial in this case would prejudice her, and the government has not alleged it would be prejudiced by joinder.  In the absence of the appearance of prejudice to a defendant or to the government, and in light of the necessary delay for preparation, this Defendant is unaware of any particular legal basis for the Court to carve out one defendant for a separate trial.

8. In this case, the Indictment charges the defendants in an overarching conspiracy, charging them with operating together and jointly to defraud the United States for the purpose of impeding, impairing and obstructing the lawful functions of the Internal Revenue Service in matters of federal income taxes.  The Tenth Circuit recognizes a presumption in a conspiracy trial that coconspirators charged together should preferably be tried together. *Pursley*, 577 F.3d at 1215. Ordinarily, it is a defendant who might be asserting that she might suffer prejudice from a joint trial.  In those circumstances, because severance is discretionary, "a defendant bears the heavy burden of showing real prejudice." *Id*. (internal quotation marks and citation omitted). "Prejudice occurs when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. (internal quotation marks and citation omitted).

9. In this case, no defendant has, thus far, alleged mutually antagonistic defenses or asserted a serious risk that a joint trial will compromise a specific trial right.  Nor, as noted above, do the interests of judicial economy and expedition in judicial administration favor severance in this case.

WHEREFORE, Defendant Lucille Kathleen Hill, respectfully requests the Court to NOT sever the trial of Mr. Mitchell from that of his co-defendants and further requests the Court to hold a status conference in the case to discuss these issues as well as complexity and scheduling and seek to arrive at a workable and realistic schedule for the trial while protecting the constitutional rights of the defendants.

DATED this 4th day of September, 2014.

LUCILLE KATHLEEN HILL, by

*/s/ Thomas B. Jubin*
Thomas B. Jubin

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed with the ECF on the 4th day of September, 2014, causing the pleading to be served to all parties of record.

*/s/ Thomas B. Jubin*
Thomas B. Jubin