Michael Reese, #5-1390
Michael Reese, LLC
The Colony Building
211 West 19th Street, Suite 400
Cheyenne, WY  82001-4433
Office: (307) 634-7648
FAX: (307) 634-5664
Email: mike@mhrwylaw.com
*Attorney for Defendant Joseph Hill*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-00027-NDF-1 |
| ) | |
| JOSEPH HILL, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENT TO RULE 29 MOTION TO DISMISS COUNT TWO THROUGH SIX AND THE OVERT ACTS RELATING TO OBSTRUCTION OF JUSTICE IN COUNT ONE

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, Defendant Joseph Hill, by and through undersigned counsel, on behalf of all defendants respectfully submits this supplement to his oral motion to dismiss count two through six and those overt acts relating to obstruction of justice in Count One during the Court's Rule 29 hearing on May 20, 2015. Defendant Joseph Hill has been charged in all six counts. Co-defendant Lucille

Hill is charged in Count One while co-defendant Gloria Reeder has been charged in Counts One and Two.

At the conclusion of the government's case-in-chief, it has failed to present evidence sufficient to prove beyond a reasonable doubt any of the six counts against the defendants, and especially Count Two for evidentiary issues but especially as a matter of law. For this reason, the Court should enter a judgment of acquittal under Fed. R. Crim. P. 29.

Purpose

Rule 29 authorizes the court, on the Defendant's motion or on the court's own motion, to enter a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." Rule 29 clearly states that the court "must enter a judgment of acquittal" if the evidence is insufficient. As Judge Friendly wrote in *United States v. Taylor*, 464 F.2d 240 (2nd Cir. 1972),

> "The functions of the jury includes the determination of the credibility of witnesses, the weighing of the evidence, and the drawing of justifiable inferences of fact from proven facts. It is the function of the judge to deny the jury any opportunity to operate beyond it province. The jury may not be permitted to conjecture merely, or to conclude upon pure speculation or from passion, prejudice, or sympathy. The critical point in this boundary is the existence or non-existence of reasonable doubt as to guilt. If the evidence is such that reasonable jurymen must necessarily have such a doubt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration. But, if a reasonable mind might fairly have a reasonable doubt or might fairly not have one, the case is for the jury, and the decision is for the jurors to make."

464 F.2d at 243.

Argument

The district court may only grant a motion for judgment of acquittal if it determines that there is insufficient evidence to find a defendant guilty beyond a reasonable doubt. A court may not consider or base its grant on inconsistency of verdicts, prosecutorial misconduct, in the interest of justice, or due to conduct during the trial. The trial court may not weigh the evidence or make its determination on its assessment of the credibility of the witnesses. Additionally, it may not function as the thirteenth juror. *United States v. Genova*, 333 F.3d 750 (7th Cir. 2003); *United States v. Ward*, 197 F.3d 1076 (11th Cir. 1990). Neither may the court *sua* sponte convert the motion for judgment of acquittal into a motion for a new trial. *United States v. Navarro Viayra*, 365 F.3d 790 (9th Cir. 2004).

The government's proof falls short with regard to each of the counts:

As to Count I, the government alleges that all defendants **knowingly and unlawfully** combined, conspired, confederated and **agreed with others**, both known and unknown to the grand jury to defraud the United States for **the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the Department of the Treasury** in the due administration of the internal revenue laws and in the ascertainment, computation, assessment, and collection of federal income taxes. Several of the overt acts related to obstruction charges.

But the government has set forth no evidence that any information was affirmatively "concealed" from the IRS –at most, the government has shown only that these trusts and LLCs were created but the government has not proven that Mr. Hill, Ms. Hill and Ms.

Gloria Reeder acted with specific intent with regard to defraud the United States for **the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the Department of the Treasury**.

Count II, alleging obstruction under 18 U.S.C. **§§** 1512(b)(2)(A) and (k), is premised on conversations, communications, e-mails and letters to or about federal officials in such a manner that these efforts are construed to be obstruction of justice by encouraging those who received subpoenas to withhold such documents from the grand jury. Counts Three through Six only apply to Mr. Hill alleging specific instances of obstruction.

Defendants allege generally insufficiency of the evidence for all counts relative to each defendant. Count Two through Six and the overt acts in Count One should also be dismissed because the subpoenas issued in the name of the Grand Jury were either illegitimate or invalid as a matter of law. The subpoenas were not issued pursuant to the technical requirements of Rule 17(a) of the Federal Rules of Criminal Procedure. Alternatively, the government has not proven that any of the defendants acted with the requisite specific, corrupt intent to establish obstruction of justice. The bare fact that subpoenas were issued and Mr. Hill and others questioned their legitimacy does not establish obstruction where he and others had a reasonable belief to the legitimacy of the issued subpoenas.

Rule 17 provides in relevant part:

(a) Content. A subpoena must state the court's name and the title of the proceeding, **include the seal of the court**, and command the witness to attend and testify at the time and place the subpoena specifies. **The clerk must issue a blank subpoena—signed and sealed—**to the party requesting it, and that party must fill in the blanks before the subpoena is served.

(d) Service. A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a **subpoena. The server must deliver a copy of the subpoena to the witness** and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

These technical requirements of Rule 17 are considered "explicit strictures." *In re Grand Jury Subpoena v. John Doe* (actually four cases), 829 F.2d 1291 (4th Cir. 1987). "Even if a subpoena is even partially bad, the contempt conviction should be reversed. 'One should not be held in contempt under a subpoena that is part good and part bad. The burden is on the court to see that the subpoena is good in its entirety and it is not upon the person who faces punishment to cull the good from the bad.'"(citing *Bowman Dairy v. United States*, 341 U.S. 214, 221 (1951). Most cases challenging Rule 17 subpoenas are based on the scope of the subpoena, that the subpoena is overbroad, or it is on a "fishing expedition," or that it is done with a bad purpose. Few cases seem to have challenged the issuance of a subpoena on the lack of the seal and signature on a subpoena. Nevertheless these subpoenas are deficient, period.

In a "Memorandum of Decision and Order," a federal district judge held that "[i]n the present case, the Victims contend that the subpoenas do not include the seal of the Court. As the Victims have included copies of the subpoenas for the Court's review, it is clear that the seal is missing from the subpoenas. As such, pursuant to Rule 17(a), the subpoenas are defective." Further, this Court stated that the subpoena was not delivered pursuant to Rule 17. This Court cited the "companion" civil rule 45(b) of Federal Rules of Civil Procedure that "Serving a subpoena requires delivering a copy to the named person..." This Court further cited Wright and Miller that "personal service is required. The use of the word "delivering" ... has been construed literally ... (and) it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness..." (This case is attached). The Court held that "[t]he motion to quash is granted." The requirement of a seal, signature and manner of service were and are necessary perquisites.

This case before the Court concerns subpoenas duces tecum as opposed to the service of a subpoena to a witness. Rule 17(c) addresses subpoenas duces tecum. This Rule, unlike Rule 17(a), does not specifically reference that a subpoena must have a court seal and a signature, yet the correct interpretation is that no other provision in Rule 17 sets forth a different requirement. The stricture in 17(a) that a "subpoena must ... include the seal of the court" and be "signed" applies to any subpoena issued under Rule 17.

All subpoenas were delivered to individuals without a seal and proper signature. The propriety of the manner of service may or may not be an issue but a subpoena was mailed to at least one recipient. The signature and seal requirements of the subpoenas

duces tecum involved in this case were defective. In normal circumstances the subpoenas would be quashed, but, often, if time allowed, proper re-issuance of subpoenas may be accomplished. There is no time to cure this problem by reissuing the subpoenas, and, consequently the only remedy for this Court is to dismiss all counts and overt acts relating to obstruction of justice.

    Respectfully submitted this 21st day of May 2015

                      ELECTRONICALLY FILED 5/21/2015

                      MICHAEL REESE

                      Attorney for Joseph Hill