


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSEPH RUBEN HILL, LUCILLE KATHLEEN HILL, and GLORIA JEAN REEDER,

Defendants.

Case No: 14-CR-27-F

**ORDER DENYING MOTIONS FOR NEW TRIAL**

This matter is before the Court on Defendant Gloria Jean Reeder's First Amended Motion for New Trial, joined by Defendants Joseph Ruben (Joe) Hill and Kathleen (Kathy) Hill.[1] The Court has reviewed the motions, heard oral arguments and FINDS and ORDERS as follows:

Defendant Reeder brings her Rule 33 Motion for New Trial asserting several errors. Defendants Kathy Hill and Joe Hill also filed Motions to Join in Reeder's motion. Defendant Kathy Hill focused her joinder on the Court's refusal to allow the testimony of Dr. Gowensmith, the Government's improper questions to the Grand Jury Foreperson, and the Government's closing argument. Defendant Joe Hill filed a late joinder, focusing on the Court's denial of Dr. Denison's testimony. Most of the errors claimed in the Rule 33 motion and joinders have been addressed by the Court at some point in time during the

[1] Defendant Reeder filed a Motion for New Trial on June 11, 2015. (Doc. 501). On June 12, 2015, she filed her First Amended Motion for New Trial. (Doc. 502). The Court considers that her Amended Motion superseded her first motions (Doc. 501) and the Court has only considered the arguments in Amended Motion for New Trial (Doc. 502).

course of these proceedings. In essence Defendants are asking the Court to reconsider its earlier rulings on these issues to provide a new trial. For the reason stated below and stated in the Court's prior written and oral rulings, the Court finds Defendants' Motions are DENIED.

## BACKGROUND

On July 24, 2014, the Grand Jury indicted Defendants Joe Hill, Kathy Hill, and Gloria Reeder on a charge of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count One), Defendants Joe Hill and Gloria Reeder on a charge of conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k)(Count Two); and Defendant Joe Hill on four counts of obstruction of justice, aiding and abetting in violation of 18 U.S.C. §1512(b)(2)(A) and 2 (Counts 3-6). (Doc. 135). Among other allegations, the Superceding Indictment charged Defendants Joe Hill, Kathy Hill, and Gloria Reeder with using and promoting a system of trusts and trust services designed by the Hills to conceal and disguise assets and income from the Internal Revenue Service (IRS). As to the obstruction of justice charge, the Superseding Indictment accused Defendants Joe Hill, Gloria Reeder and others of making false statements to IRS special agents, sending frivolous material, and withholding documents from the grand jury to obstruct, influence and impede its proceedings, among other accusations. Defendant Joe Hill also faced four counts of obstruction of justice, aiding and abetting in violation of 18 U.S.C. §1512(b)(2)(A) and 2.

On April 9, 2015, the Court held a motion hearing to addresses several pretrial motions, including the motion to exclude Dr. Eichel's testimony. On April 27, 2015, the

Court held a final pretrial hearing and addressed several outstanding motions in limine and also addressed Defendants Joe and Kathy Hill's expert witnesses. On April 28, 2015 the Court entered orders excluding the testimony of Dr. Denison and Dr. Gowensmith. (Docs. 413 and 414). Also on April 29, 2015, the Court entered an Order Denying Defendant Reeder's Motion to Reconsider the Order Excluding the Psychiatric Report and Testimony of Dr. Eichel. (Doc. 422). The Court also issued it Order on Motions in Limine. (Doc. 423). The Court began trial in this matter on May 4, 2015. The trial lasted until May 28, 2015, when the jury returned guilty verdicts against Defendants on all counts.

## DISCUSSION

Defendants bring their motions pursuant to Fed. R. Crim. P. 33(a), which, provides the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992); *United States v. Herrera*, 481 F.3d 1266, 1269- 1270 (10th Cir. 2007). An abuse of discretion is defined in this circuit as a judicial decision which is "arbitrary, capricious, or whimsical." *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987). Finally, a motion for a new trial is not regarded with favor and is "only issued with great caution." *Herrera*, 481 F.3d at 1270.

***Prosecutorial Misconduct***

Reeder's first claim of error is for prosecutorial misconduct resulting in an unfair trial. Reeder claims that Government's attorney committed professional misconduct,

violated the Wyoming Rules of Professional Conduct, and caused an unfair trial by improperly arguing in his closing that the jury should "do its duty" and return a guilty verdict.[2] While this comment was made at the end of closing arguments, Defendants' counsel waited until after the Court finished instructing the jury, asked counsel if there were any corrections or additions to the jury instructions, to which all parties responded no, and released the jury for deliberations, a process that took approximately fifteen minutes. Only then did defense counsel make a motion for mistrial based on the prosecutor's statements. Defense counsel waited to make their motion until such time the Court had released the jurors for deliberations and it was not possible for the Court to give the jury any sort of corrective instruction.

Given the lateness in Defendants' objection, the Court agrees that this issue should be considered under the plain error standard. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* "When evaluating allegedly inappropriate remarks of counsel for plain error, we must view the remarks in the context of the entire trial." *United States v. Lopez–Medina*, 596 F.3d 716, 738 (10th Cir. 2010) (quotations omitted).

"We analyze whether a statement constitutes prosecutorial misconduct using a two-step process." *United States v. Fleming*, 667 F.3d 1098, 1103 (citations omitted).

---

[2] The Court would note that it takes allegations of violations of the rules of professional misconduct seriously. Defendant alleges the prosecutor violated Rule 3.6 of the Wyoming Rules of Professional Misconduct; however that provision deals with trial publicity and extrajudicial statements. As such this rule is not applicable and this allegation is not appropriate. The Court would caution Reeder's counsel that making such careless allegations is improper and not acceptable to the Court.

"First, we determine whether the prosecutor's statements were improper." *Id.* (citation and quotation marks omitted). "Second, we determine whether the prosecutor's improper statements were harmless beyond a reasonable doubt." *Id.* (quotations omitted).

In this case, the Court does not find the statement was improper. The Government's counsel stated "we ask that you do your duty and find all three of these defendants guilty and hold them accountable for their criminal acts." While the statement could be read to say they should do their duty to find them guilty, the Court viewed the statement as more of three independent clauses.

However, even if the Court agreed the statement was improper, the Court finds beyond a reasonable doubt that the statement was harmless. This was a single statement made during a rush to finish closing argument before the Government's time for closing argument expired. This statement constituted approximately ten seconds of a four-week trial and sixty-minute closing statement. During the trial, the Court repeatedly instructed the jury that the statements of counsel were not evidence, only argument. The Court also instructed the jury that it was their sole responsibility to determine whether the Defendants were guilty. In fact, the Court's final instruction, read after the closing arguments, reminded the jurors that their verdict must be based solely on evidence received in the case, that the verdict was the exclusive duty and responsibility of the jury, and reminded the jurors again they were the sole judges of the facts in the case.

The Court finds that this one brief comment, considered within the context of the entire trial, did not influence the jury to convict on improper grounds. Defendants have failed to establish the statement violated their substantial rights.

For these reasons, Defendant Reeder's motion for new trial based on prosecutorial misconduct, joined by Defendants Joseph and Kathy Hill, is DENIED.

***Exclusion of Dr. Eichel's Testimony***

Defendant Reeder next argues that the Court improperly excluded Dr. Eichel's testimony. Reeder claims the purpose of Dr. Eichel's report and findings was not to establish her innocence or guilt, or to establish her competency or incompetency to stand trial. Rather, the purpose was to present Dr. Eichel's expert opinion on Reeder's relevant mental characteristics, and speak only to her mental state to form intent. Reeder asserts that Dr. Eichel's report would have provided the jury with circumstantial evidence by which they could have inferred Reeder held an actual good faith belief that the Hill trusts were a legitimate and legal tax avoidance tool. Reeder argues that if she could have demonstrated at trial that she had a good faith belief the Joe Hill trusts were a legal means of tax avoidance, it would have countered the specific intent to defraud element of Reeder's conspiracy charge.

The Court initially addressed this issue in its April 10, 2015 Order on Motions. (Doc. 354). The Court acknowledged the Tenth Circuit ruling that psychological or psychiatric evidence that negates the essential element of specific intent can be admissible. See *U.S. v. Brown*, 326 F.3d 1143, 1147 (10th Cir. 2003). "The admission of such evidence will depend upon whether the defendant clearly demonstrates how such evidence would negate intent rather than 'merely present a dangerously confusing theory of defense more akin to justification and excuse.'" *Id*. (citing *United States v. Cameron*, 907 F.2d 1051, 1067 (11th Cir. 1990)). "Because there is a risk that such evidence will

mislead or confuse the jury, district courts must carefully scrutinize proposed psychiatric evidence to determine whether the evidence rests upon a legally acceptable theory for negating intent." *Brown*, 326 F.3d at 1147.

After scrutinizing the proposed evidence, the Court concluded the danger of the psychiatric evidence confusing or misleading the jury into excusing or justifying Defendant Reeder's decisions and actions, substantially outweighed any clear link or relationship between the psychiatric evidence and the *mens rea* at issue in the case. The Court therefore excluded Dr. Eichel's testimony.

Defendant Reeder then asked the Court to reconsider its decision to exclude Dr. Eichel's report and testimony. The Court denied that request on April 28, 2015. (Doc. 422). This is now Defendant Reeder's second attempt to get the Court to reconsider its earlier decision. Defendant Reeder has failed to provide any new support for her motion. For all the reasons stated in the Court's earlier Orders (Docs. 354 and 422), the denial of Dr. Eichel's report and testimony does not justify a new trial.

Defendant Reeder also argues that she was forced to testify because Dr. Eichel was not allowed to testify. Defendant Reeder asserts that if Dr. Eichel was allowed to testify, then she would have never taken the stand. However, Defendant Reeder had no obligation to take the stand. The Court reminded Defendant Reeder several times she had no obligation to testify in her own defense and that she had a constitutional right to remain silent. This claim lacks any legal merit.

Defendant Reeder's request for a new trial based on the Court's exclusion of Dr. Eichel's report and testimony is DENIED.

***Exclusion of Dr. Denison's Testimony***

Defendant Joe Hill joined in Defendant Reeder's motion, but specifically includes his claim that he is entitled to a new trial because the Court refused to allow Dr. Denison's testimony. Defendant Joe Hill asserts that Dr. Denison's report notes that Joseph Hill was "delusional" and that Dr. Denison's testimony was Joe Hill's best defense and provided context for Joe Hill's testimony.

The Court has already addressed Dr. Denison's testimony in its April 28, 2015 Order Precluding Testimony from Dr. Denison. (Doc. 413). The Court explained:

> The *mens rea* at issue in this case is whether Hill knowingly and voluntarily agreed with at least one other person to defraud the United States and obstruct justice. The focus for this Court is whether there is any link or relationship between the specific psychiatric evidence sought to be admitted and this *mens rea*. As explained below, the court concludes Dr. Denison's report and any testimony derived from his examination of Hill does more to establish the specific intent element rather than to negate it, and is thus prejudicial to Hill and more likely to confuse the jury as to any coherent theory of defense.
>
> In short, it is no defense to intent for a highly intelligent person with no delusions or disorders (1) to have studied various interpretations of the law on government and taxation; (2) to understand the interpretation of the law advocated by the government; (3) to understand the financial advantage (to himself and his clients) of selecting a non-traditional interpretation that circumvents the rules or laws established by the government; and (4) to mindfully and in an intellectual, logical manner, select the non-traditional interpretation and promote this to his clients.

(Doc. 413 at 5).

During oral argument on this motion, Defendant Hill's counsel stated that his client had a sincere belief that he was not evading the tax laws, because they are invalid. However, as the Court has stated before, this is not a valid good faith belief. Defendant

Hill has failed to articulate how Dr. Denison's testimony would have done more to establish the specific intent element rather than to negate it, causing juror confusion.

Defendant Joe Hill has failed to provide any facts or law to alter the Court's opinion that Dr. Denison's testimony could not be tied to Joe Hill's good faith argument and that it would be substantively more prejudicial than probative.

For all of these reasons, Defendant Joseph Hill's motion for new trial based on the Court's refusal to allow Dr. Denison's testimony is DENIED.

***Exclusion of Dr. Gowensmith's Testimony***

Defendant Kathy Hill joined in Defendant Reeder's motion, but specifically includes her claim she is entitled to a new trial because the Court refused to allow Dr. Gowensmith's testimony.

The Court entered its Order Precluding Testimony of Dr. Neil Gowensmith on April 28, 2015. (Doc. 141). The Court found that:

> Notably, there is nothing in Dr. Gowensmith's report to suggest Ms. Hill ever believed her conduct complied with what the law required which might be relevant to good faith. The mental health traits found by Dr. Gowensmith don't support that conclusion either. Ms. Hill apparently made her choices as part of a larger fight against illegitimate IRS operations, which is more akin to the dangerously confusing theory of justification and excuse than relevant to good faith.

(Doc. 414 at 5).

Defendant Kathy Hill has failed to provide any facts or law to alter the Court's opinion that Dr. Gowensmith's testimony could not be tied to Kathy Hill's good faith argument and that allowing Dr. Gowensmith's testimony would be substantively more prejudicial than probative.

For all of these reasons, Defendant Kathy Hill's motion for new trial based on the Court's refusal to allow Dr. Gowensmith's testimony is DENIED.

***Improper Good Faith Instruction***

Defendant Reeder also claims the Court's good faith instruction was improper, entitling her to a new trial. Defendant Reeder claims that Jury Instruction 25 improperly implies the jury should use an objectively reasonable person standard, rather than a subjective standard. Defendant Reeder acknowledges that the Court's instructions required the jury to find Defendant's specific intent to defraud, (Instruction 24 and 25), but claims those portions of the instructions were nullified by the objectively reasonable person standard contained in Jury Instruction 25.

In its entirety Instruction 25 reads as follows:

> To prove the conspiracy the Government must prove that the defendants had the specific intent to defraud the United States. The "good faith" of defendants is a complete defense to the charge of conspiracy to defraud the United States because good faith on the part of the defendant is, simply, inconsistent with the intent to defraud alleged in that charge.
>
> While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.
>
> A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, unreasonable, or wrong. The reasonableness of a good-faith defense is a factor which the jury may properly consider in determining whether a defendant's asserted beliefs are genuinely held. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct. However, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.

> A defendant does not act in "good faith" if, even though he or she honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent statements, representation or promises to others with the intent to deceive.
>
> In determining whether the Government has proven that a defendant acted with intent to defraud or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.
>
> The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the Government's burden to prove to you, beyond a reasonable doubt that each defendant acted with intent to defraud as charged in Count One.
>
> If the evidence leaves you with a reasonable doubt as to whether a defendant acted with intent to defraud or in good faith, the jury must acquit that Defendant.

(Doc. 490 at 39).

While not specifically stated, the Court presumes Reeder's objection is to the sentence that reads: "The reasonableness of a good-faith defense is a factor which the jury may properly consider in determining whether a defendant's asserted beliefs are genuinely held." (*Id.*).

This argument lacks support. The instructions clearly required that for the jury to find Defendants guilty, the jury had to find each Defendant had the "specific intent" to defraud the Government. Instruction 25 informed the jury it could consider the reasonableness of the good faith in determining whether Defendants genuinely held their asserted beliefs. This sentence does nothing to convert the standard into an objectionably reasonable standard. The Instructions, both in their entirety, and specifically Instruction

25, clearly instructed the jury that to convict any Defendant, the jury had to find the Defendant intended to defraud the IRS. Instruction 25 stated the jury should consider Defendants' claims of good faith in determining whether Defendants had the requisite willful intent. The instruction explained that if these Defendants honestly believed they were following the law, then they should be acquitted. That is the subjective standard, focusing on Defendants' honestly held opinions. The fact the jury was instructed it could consider the reasonableness of the opinion to determine whether the belief was honestly held, does not convert this issue into a reasonable person standard.

For all these reasons, the Court finds Defendants' motion for new trial based on the good faith jury instruction is DENIED.

***Government's Total Tax Loss Calculation***

Defendant Reeder's next basis for a new trial is her claim the Government failed to provide Defendants with documents related to the total tax loss. First, the Court would note this argument is a bit difficult to follow. The argument goes from complaining about the basis for the calculation of tax loss to a complaint regarding the Court's refusal to sever Defendant Reeder from the Hills for trial.

From the beginning of Defendant Reeder's complaints about the tax loss calculation, the Government stated it would prove tax loss numbers based on evidence admitted at trial. The Government provided Defendants notice that the tax loss would be limited to 10 individuals, giving Defendants notice of the evidence the Government might present at trial. While the Government gave Defendants preliminary numbers, they could only be preliminary numbers until evidence was admitted at trial and the

Government could provide tax loss numbers based on the admitted evidence. All Defendants had a copy of the IRS Special Agent's 62-page report. Agent Glenn Nitchals testified regarding his audit of Defendant Reeder, focused on tax years 2003, 2004, 2005, 2006, 2007, and 2008. His audit included schedules as to the sources of unreported income and Defendant Reeder had that information. His audit file also contained over 1800 pages of bank records, schedules and notes, which were provided to Defendant Reeder in discovery. Additionally, Agent Lynch testified the schedules he prepared were based on evidence introduced at trial, evidence which had been produced to Reeder prior to trial. Defendant Reeder has failed to cite to one admitted foundational document related to the calculation of the tax loss that she did not have in advance of trial.

Again, Defendant Reeder makes the serious claim that the prosecutor violated the Wyoming Rules of Professional Responsibility 3.4 by unlawfully obstructing another party's access to evidence or unlawfully altering, destroying or concealing a document. However, there is not one single plausible allegation that the prosecutor either unlawfully obstructed Defendant Reeder's access to evidence or altered or destroyed evidence in any manner. Again, allegations of violations of the Rules of Professional Conduct are serious and these unsupported allegations are improper.

For all of these reasons, the Court finds Defendant Reeder's motion for new trial based on the Government's tax loss computation is DENIED.

***Failure to Grant Reeder's Motion for Severance***

Defendant Reeder's next argument is related to her motion for severance. Defendant Reeder claims she was forced to contend with a mountain of irrelevant and

prejudicial evidence related solely to Defendant Joe Hill. The Court denied Defendant Reeder's motion to sever, explaining that Defendant Reeder was charged with a conspiracy, involving Defendants Joe and Kathy Hill and others. While there was some evidence not specifically related to Defendant Reeder, that evidence did not prejudice her in this case. A significant amount of the evidence in this case did involve Defendant Reeder. While Defendant Reeder points to witnesses that did not know Defendant Reeder, she has still failed to establish any prejudice from the Court's refusal to sever. Oftentimes in conspiracies, there are co-conspirators that deal with a main figure, but do not know each other. Additionally, testimony related to webinars and Joe Hill's conversations with IRS Agents went to explaining the nature of these trust documents and the nature of the conspiracy. Again, the Government charged Defendant Reeder in two different conspiracies, including the conspiracy to use and promote a system of trusts and trust services designed by the Hills to conceal and disguise assets and income from the Internal Revenue Service (IRS).

Defendant Joe Hill pointed out that likely the worst testimony for all Defendants came from Ms. Reeder's testimony. While the Court recognizes some statements by Ms. Reeder's counsel were antagonistic to Defendant Joe Hill, the Court continually reminded jurors that arguments of counsel were only arguments. Additionally, while Ms. Reeder's testimony may have placed Joe Hill in a bad light, it did not require the jury to disbelieve the defense advanced by Joe Hill. In short, neither Joe Hill nor Gloria Reeder established that either was unduly prejudiced by the Court's failure to grant a motion for severance.

For all of these reasons, Defendant Reeder has failed to show she is entitled to a new trial based on the Court's refusal to sever her case. Defendant Reeder's motion for new trial based on the Court's refusal to sever is DENIED.

***Trial Testimony of the Grand Jury Foreman***

Defendant Reeder, joined by Defendants Joe and Kathy Hill, assert the testimony of the grand jury foreperson was improper and justifies a new trial in this case. Defendant Reeder argues the Assistant United States Attorney called the Grand Jury Foreperson for the sole purpose of obtaining testimony that there were times records were requested and received by the grand jury, but no charges were filed.

First, this is not a proper characterization of the testimony. Other than background questions, the Government elicited from the grand juror foreperson that she was summoned for grand jury service, she served from September 2012 to January 2014, the grand jury she presided over met nine times, there were 23 people on the grand jury, when they began their service the grand jury authorized the United States Attorney's Office for the District of Wyoming to issue subpoenas on their behalf, and there were times when records were returned to the grand jury in response to the subpoenas. All of these questions were asked and answered without objection from any Defendant.

The Government then asked whether there were time where records were returned but there were no charges or indictments proposed along with that investigation. The witness answered yes, and Defendant Kathy Hill simultaneously objected. After a sidebar discussion, at which Defendant Kathy Hill, joined by the other Defendants, requested a mistrial, the Court denied the motion for mistrial, but sustained the objection

on the basis of relevance. The Court instructed the jurors to ignore the answer, in the event any of them remembered the question or the answer. The Government had no more questions for the witness, nor did any Defendant, and the Court excused the witness.

The Court finds there is nothing in this exchange that constituted prosecutorial misconduct.[3] There was no testimony regarding the grand jury's specific dealings with this case or any other case. Additionally, this was not the grand jury that indicted Defendants Kathy Hill and Gloria Reeder. Those Defendants were indicted by the grand jury impaneled in July, 2014. The Court does not find that this testimony justifies a new trial.

For all of these reasons, Defendant Reeder's motion for new trial based on the testimony of the Grand Jury Foreperson is DENIED.

***Court's Ruling on Hearsay Objections***

In a consistent and continued objection by Defendant Reeder, she claims, without any legal support, the Court improperly sustained hearsay objections made by the Government. The Court has tried to explain the rules of evidence to Defendant Reeder's counsel countless times, without success. The crux of Defendant Reeder's argument is that the Government was allowed to admit emails between the Defendants that were incriminating, but Defendant Reeder was not allowed to enter emails between the Defendants, which were helpful to Defendant Reeder.

---

[3] Defendant Reeder again alleges violations of the Wyoming Rules of Professional Conduct 3.6, which is completely inapplicable to this case.

While these emails when offered by the Government are hearsay (out of court statements provided for the truth of the matter asserted), they fall under an exception to the prohibition against hearsay as an opposing party's statement. See Fed. R. Evid. 801(d)(2)(A). Alternatively, they were statements of co-conspirators made in the furtherance of the conspiracy which comes in under Fed. R. Evid. 801(d)(2)(E). The same exact emails offered by Defendants are hearsay, not subject to any exception to the hearsay rule; because it is the declarant's own statement or a co-conspirator statement and they are not an opposing party.

Besides continually arguing that it was not fair the Government could get these emails in, but Defendant Reeder could not, Defendant Reeder also attempted to get in strings of email through Fed. R. Evid. 106 based on the rule of completeness. That rule provides: "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "In determining whether a disputed piece of evidence must be admitted under the rule of completeness, [the Tenth Circuit] considers whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." *United States v. Wells*, 739 F.3d 511, 531 (10th Cir. 2014), cert. denied, 135 S. Ct. 73, 190 L. Ed. 2D 35 (2014) (citation and quotations omitted). "The rule of completeness, however, does not necessarily require admission of an entire statement, writing or recording. Rather, only those portions which are relevant to an issue in the case and necessary to clarify or

explain the portion already received need to be admitted." *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (internal quotations and citations omitted). During trial, the Court provided Defendant Reeder an opportunity to argue why additional email strings were necessary to clarify or explain the email presented by the Court.

Defendant Reeder fails to cite to any particular piece of evidence that should have been included under this rule, but was not properly admitted. Rather, Defendant Reeder's argument is a continuation of her improper arguments during trial that because the Government got certain categories of evidence in, she should be allowed to get in the same categories of evidence, i.e. emails between the Defendants, regardless of the Rules of Evidence. In fact, these arguments during the course of trial by Defendant Reeder's counsel improperly indicated to the jury that the Court and the Government were keeping important evidence from the jury, when that was not the case. The jury received the evidence that was admissible under the Federal Rules of Evidence.

Defendant Reeder's arguments in her motion for new trial regarding the admission of evidence lack merit and are DENIED.

***Court's Response to Juror Question #3***

Defendant Reeder's next claim for a new trial is the Court's response to Juror Question #3. Defendant Reeder argues that the Court's response, citing the language of Fed. R. Crim. P. 17, "likely directed the jury in favor of finding Reeder guilty on Count 2." (Doc. 502 at 25). The jury asked: "Is there any other legal option other than to comply with the subpoena." (Doc. 493 at 1). The Court sent back the following response:

"Under Rule 17(c)(2), a motion may be made promptly, asking a court to quash or modify the subpoena if compliance would be unreasonable or oppressive." (*Id.* at 2). This is a correct statement of the law from the Federal Rules of Criminal Procedure.

The Court's response properly addressed the question regarding the "legal option" other than to comply with the subpoena. Defendant Reeder's claim that this directed the jury to find against her is nothing more than speculation. The Court finds there is nothing in its response to Juror Question #3 that justifies a new trial in this case.

For all of these reasons, the Court's answer to question #3 did not create prejudice to justify a new trial in this case. Defendant Reeder's motion for new trial based on the Court's response to Question #3 is DENIED.

***Cumulative Error***

Defendant Reeder makes a one paragraph argument that she is entitled to a new trial based on cumulative error. The Court does not find any error, therefore this portion of Defendant Reeder's motion is DENIED.

CONCLUSION

For all the above stated reasons, the Court finds that Defendants' Motions for New Trial lacks merit.

IT IS ORDERED that Defendant Reeder's Motion for New Trial is DENIED.

IT IS FURTHER ORDERED that Defendant Kathleen Hill's Joinder in Defendant Reeder's Motion for New Trial is DENIED.

IT IS FINALLY ORDERED that Defendant Joseph Hill's Joinder in Defendant Reeder's Motion for New Trial is DENIED.

Dated this 27 day of July, 2015.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE